IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff

vs                                    Case No.  CR-3-04-12(1)(6)(10)
                                          CR-3-04-38(1)(3)
                                          Judge Thomas M. Rose

AMJAD SALEM, et al.,

    Defendants

---

**FINDINGS OF FACT AND CONCLUSIONS OF LAW DENYING MOTION TO SUPPRESS OF AMJAD SALEM, FETHI YOUNES AND YOSEF ABDELSALEM**

    This matter comes before the Court pursuant to the Motions to Suppress filed by Defendants, Amjad Salem, Fethi Younes and Yosef A. Abdelsalem.  On March 24, 2004, Defendant, Fethi Younes filed a Motion to Suppress evidence seized by law enforcement authorities on January 22, 2004 from business premises known as Rick's Grocery located at 911 Huffman Avenue, Dayton, Ohio pursuant to search warrant (M 3-04-007).  On April 30, 2004, Defendant, Amjad Salem filed a Motion to Suppress evidence seized by law enforcement authorities on January 22, 2004 from the following locations: business premises known as Midwest Distributors aka Business Center Sales located at 1405 Business Center Ct., Dayton, Ohio, pursuant to search warrant (M 3-04-008); Storage Unit A-4 at Linden Stop-N-Lock located at 3646 Linden Avenue, Dayton, Ohio, pursuant to search warrant (M 3-04-014); and a residence located at 2743 Rockledge Trail, Beavercreek, Ohio, pursuant to search warrant (M 3-04-017). On September 27, 2004, Defendant, Yosef A. Abdelsalem joined in the above described suppression motions of Amjad Salem and Fethi Younes.

    At the Motion hearing on December 3, 2004, these Defendants individually and jointly

wtihdrew any and all prior suppression motions referencing any additional search locations.

The only witness to offer testimony at the suppression hearing was Detective Scott A. Marsh of the Ohio Organized Crime Investigations Commission (OOCIC). Subsequently, Defendants, Amjad Salem and Fethi Younes filed memoranda in support of their motions, to which the Government responded. Yosef A. Abdelsalem did not file a memorandum in support.

## FINDINGS OF FACT

On or about January 30, 2002, the Ohio Organized Crime Investigations Commission (OOCIC) Task Force 02-3 was formed to investigate an alleged organized crime network based in or near Dayton, Ohio involved in the unauthorized use and possession of U.S. Department of Agriculture Food Stamp Access Devices and the purchase, repackaging, transportation and resale of stolen retail merchandise effecting interstate commerce (Tr. at 13-14, 26-27, 29-30).

On January 22, 2004, four search warrants were executed by law enforcement resulting in the seizure of criminal evidence (Tr. at 20). These warrants were executed at three Dayton, Ohio locations, to wit: Rick's Grocery, 911 Huffman Avenue (M 3-04-007), Midwest Distributors aka Business Center Sales, 1405 Business Center Ct. (M 3-04-008) and Linden Stop-N-Lock Unit 4, 3646 Linden Avenue (M 3-04-014). A fourth search warrant was executed at Defendant Amjad Salem's residence located at 2374 Rockledge Trail in Beavercreek, Ohio (M 3-04-017).

Defendant, Amjad Salem, was the proprietor of Midwest Distributors aka Business Center Sales, a lease holder for Linden Stop-N-Lock Storage Unit A-4 and resided at 2734 Rockledge Trail, Beavercreek, Ohio. Defendant, Fethi Younes was the proprietor of Rick's Grocery.

Defendant, Yosef A. Abdelsalem, presented no evidence that would demonstrate any ownership or possessory interest in any of the four locations which were the subject of the questioned search warrants issued by the Magistrate.

On January 20, 2004, Detective Scott M. Marsh of the O.O.C.I.C. presented to the U.S.

Magistrate search warrant applications for each of the previously referenced locations. As part of these applications, Detective Marsh presented a uniform 34 page supporting affidavit (Tr. at 16-18, 21, 28-29, 34, 92) (Gov't Exhibit 2). Said affidavit contained approximately 45 separate undercover transactions involving Defendant, Amjad Salem (Tr. at 41-42).

The affidavit also provided a detailed description for each of the search locations marked as "Attachment A" together with a detailed list of items to be seized marked as "Attachment B" (Tr. at 22-26) (Gov't Exhibit 2).

After review of the application and supporting affidavit, the Magistrate authorized search warrants for the four locations (Tr. at 20). Said search warrants were executed by OOCIC agents on January 22, 2004 (Tr. at 20). Significant amounts of evidence was seized from the locations (Tr. at 20) and the returns were properly and timely filed with the Court (Tr. at 21-26).

## CONCLUSIONS OF LAW

Initially based upon the Court's Findings of Facts, Defendant, Yosef A. Abdelsalem has no recognizable legal expectation of privacy in either of these four locations, or legal standing to even object to the seizure of any of the property taken from any of these locations. See *United States v. Padilla,* 508 U.S. 77 (1993); *United States v. Sangineto-Miranda*, 859 F.2d 1501 (6th Cir. 1988).

The Fourth Amendment states "no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Constitution Amendment IV - The burden of proof is upon the moving party who display a violation of some constitutional or statutory right justifying suppression by a preponderance of the evidence. See *Colorado v. Connelly*, 479 U.S. 157 (1987); *United States v. Smith*, 783 F.2d 648, 650 (6th Circuit).

The issue raised by Amjad Salem and Fethi Younes is whether probable cause existed to support such searches of the broadly drafted (Tr. at 55) warrants which encompassed virtually all

the business records at three various locations.  The Sixth Circuit has held that a Magistrate's finding of probable cause for the issuance of a warrant is accorded "great deference" *United States v. Leake*, 998 F.2d 1359, 1362-63 (6th Circuit 1993).

The Court finds based upon the facts previously found by the Court, that probable cause was presented to the Magistrate sufficient to conclude that Defendant Amjad Salem had created and operated a vast and diverse criminal enterprise that had active operations and facilities spanning a number of states.  The investigation confirmed that the operation was a multi-million dollar interstate stolen property, theft and redistribution network and scheme to steal federal food stamp benefits and monies through the use and possession of access devices.  Further, that Fethi Younes as a proprietor of Rick's Grocery was one of the active operations previously referenced.

With regard to the allegation of overly broad search warrants, the Court would conclude that the particularity of a search warrant depends on what is sought and the circumstances of the case.  *United States v. Henson*, 848 F.2d 1374, 1383 (6th Circuit).  "[T]he degree of specificity required is flexible and will vary depending on the crime  involved and the type of items sought."  See *U.S. v. Ables*, 167 F.3d 1021, 1033 (6th Circuit 1999).  The Sixth Circuit has noted that "the language of a warrant is to be construed in light of an illustrative list of seizable items." Id.  A warrant that authorizes the seizure of "virtually every piece of paper" from a business is not necessarily overbroad, if it is as specific as the circumstances and nature of the alleged crime permit.  See *United States v. Logan*, 250 F.3d 350 (6th Circuit), cert. denied 534 U.S. 895 (2001).  Particularity "eliminates the danger of unlimited discretion in the executing officer's determination of what is subject to seizure."  See *United States v. Blakeney*, 942 F.2d 1001, 1026 (6th Circuit 1991) If stolen goods are intermingled with and undistinguishable from legitimately owned property, the entire class of property may sometimes be seized temporarily for inspection and sorting.  *Brindley v. Best*, 192 F.3d 525 (6th Circuit 1999).

Based upon the wide ranging scope of the alleged criminal enterprise, the Court would find said warrants appropriate in their breath and factually and legally justified.

The duty of this Court is to insure that a judicial officer had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462, U.S. 213 (1983).  In this case, Magistrate Merz had such basis for concluding probable cause existed and the issuance of these warrants as proposed.

Based upon these findings of facts and conclusions of law, the Court finds the Motions to Suppress filed by Amjad Salem, Fethi Younes and Yosef A. Abdelsalem not well-founded and, therefore, DENIED.

IT IS SO ORDERED.

April 27, 2005                                            s/**THOMAS M. ROSE**

 

                                        Thomas M. Rose, Judge
                                        United States District Court